

FILED
2017 JUN 22 PM 2: 12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JUDITH A. JAYNES,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. JOHNS,<br><br>Defendant. | CASE NO.: 6:17-cv-11556-ORL-18DCI |

### DEFENDANT THOMAS L. JOHNS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Thomas L. Johns ("Johns") hereby removes to the United States District Court for the Middle District of Florida the action styled *Jaynes v. Johns*, Case No. 2017-10781-CIDL, filed in the Circuit Court of the Seventh Judicial Circuit, Volusia County, Florida (the "Action"), and states:

#### I. THE STATE COURT ACTION

1.  On May 19, 2017, Plaintiff filed her Complaint in the Action in state court. (*See* **Ex. 1**). On May 25, 2017, Johns first received a copy of the Complaint and Summons through personal service. On June 1, 2017, Plaintiff filed and served by mail her Amended Complaint. (*See* **Ex 6**). The Amended Complaint modifies certain allegations regarding residency, but asserts the same claims and substantive allegations against Johns.[1]

2.  Plaintiff and Johns are equal shareholders of Nationwide Anesthesia Services, Inc. ("NASI") and Nationwide Anesthesia Partners, Inc. ("NAPI"), which provide a variety

---

[1] Because of an agreed extension of time through July 3, 2017, Johns has not yet responded to the Amended Complaint.

of services for anesthesia providers and practices. (Exs. 1 & 6 ¶¶ 5-7). In her Complaint and Amended Complaint, Plaintiff asserts scattershot claims for alleged acts of corporate mismanagement and self-dealing. Among other things, Plaintiff claims that:[2]

    (a)    Legal claims were filed against NASI and NAPI with resulting settlements based on alleged actions by Johns, (*id.* ¶ 17);

    (b)    Johns caused NASI and NAPI to enter into allegedly unauthorized contracts, including a contract for a software management program and an employment agreement with the Director of Operations for NASI and NAPI that supposedly included "above-market compensation and retroactive bonuses," (*id.* ¶¶ 18, 19(j));

    (c)    Johns paid personal expenses with corporate funds, including the purchase of a $65,000 truck, his children's medical and prescription bills, and counseling charges of over $11,000, (*id.* ¶ 19(a), (b), (f));

    (d)    Johns increased his salary and received corporate funds from NASI and NAPI, allegedly without Plaintiff's approval, (*id.* ¶ 19(c), (d));

    (e)    Johns incurred corporate debt over $10,000 and expended corporate funds in excess of $200,000, allegedly without authorization required by the shareholder agreements for NASI and NAPI, (*id.* ¶ 19(e), (g));

    (f)    Johns engaged in competing business activities in alleged violation of the shareholder agreements, (*id.* ¶¶ 20, 26-29); and

    (g)    Johns terminated the employment of the network administrator for NASI and NAPI and failed to terminate the employment of the Director of Operations of NASI and NAPI, (*id.* ¶ 19(k), (l)).

    3.    Based on these and other allegations, Plaintiff seeks monetary damages for breach of the shareholder agreements of NASI and NAPI (Counts I and II), breach of fiduciary duty (Count III), fraud in the inducement (Count IV), and unjust enrichment (Count V), as well as nonmonetary relief in the form of an accounting (Count VI).

---

[2] Johns vigorously disputes Plaintiff's claims and intends to address them at the appropriate stage of this proceeding, but recites them here solely to establish grounds for removal.

### III. TIMELINESS OF REMOVAL

4. The time for removal began to run on May 25, 2017 when Johns first received the Complaint and Summons through personal service. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice was filed within 30 days of such date.

### IV. GROUNDS FOR REMOVAL AND SUBJECT MATTER JURISDICTION

5. Johns removes this Action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

6. There is complete diversity of citizenship between the parties. Plaintiff is an individual who maintains her domicile in Colorado and is a citizen of Colorado. Johns is an individual who maintains his domicile in Georgia and is a citizen of Georgia.

7. Plaintiff maintained her domicile in Colorado and was a citizen of Colorado, and Johns maintained his domicile in Georgia and was a citizen of Georgia, both as of the time the Complaint was filed in the Action and as of the filing of this Notice.

8. The Complaint and Amended Complaint facially show that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff raises a host of issues for which she claims "substantial damage . . . in ways including, but not limited to, the lost income, lost value of her equity in NASI and NAPI, and the improper disclosure and use of NASI's and NAPI's confidential information and ideas by . . . improperly competing companies." (Ex. 1 & 6 ¶ 30). Although Plaintiff does not quantify all of her alleged damages, the handful of items for which monetary figures are included easily exceeds the jurisdictional threshold. For example, Plaintiff claims that Johns used corporate funds to purchase, among other things, a $65,000 truck, $11,000 in counseling services, and other

personal items without her approval. (*Id.* ¶ 19(a), (b), (f)). In contesting the hiring of, and subsequent failure to terminate, NASI's and NAPI's Director of Operations, Plaintiff claims that there was an unauthorized agreement to pay excessive compensation and retroactive bonuses to the Director of Operations. (*Id.* ¶¶ 18, 19(j), (k)). The employment agreement attached to the pleadings provides for monthly compensation of $9,583.33 and a $300 monthly health insurance stipend (totaling $118,599.96 per year), together with a bonus of 2% of increased year-over-year EBITDA, for what has now been over two years. (*See* **Ex. 1 & 6**, Ex. D § II-III, Att. A). The alleged "retroactive" bonuses total $50,000. (*Id.*, Ex. D, Att. A).[3] Thus, even apart from the other issues raised in Plaintiff's claims, the few items for which Plaintiff alleges the amount at stake exceed the requisite amount in controversy.

9. Alternatively, pursuant to 28 U.S.C. § 1446(c)(2)(A), Johns is entitled to and does affirmatively allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff (a) seeks nonmonetary relief in the form of an accounting, and (b) alleges damages in excess of the $15,000 jurisdictional threshold established by Florida law without quantifying all of the damages she seeks.

10. Although Johns disputes any claims of impropriety or lack of authority and is unable to quantify the amount at stake in all of the items for which Plaintiff seeks relief, Johns affirmatively alleges that: (a) he has cumulatively received over $75,000 from increases in his salary as President of NASI and NAPI, (b) over $75,000 has been paid to the

---

[3] The jurisdictional threshold is satisfied by even a subset of Plaintiff's challenge to the compensation of the Director of Operations for NASI and NAPI. Adding the contested "retroactive" bonuses of $50,000 to the contractually specified compensation for the Director of Operations since her alleged "resignation" on October 13, 2016, (**Ex. 1 & 6** ¶ 19(k)), exceeds $100,000.

Director of Operations of NASI and NAPI in compensation since October 13, 2016, (c) the revenues and income of Winter Park Medicine, LLC ("WPM") since its inception exceed $75,000, and (d) the revenues and income of NASINC Corporation ("NASINC") since its inception exceed $75,000. Each of these issues raised in the Complaint and Amended Complaint – namely, the allegedly unauthorized increases in Johns' compensation, the compensation paid to the Director of Operations after October 13, 2016, and the income derived from WPM and NASINC – independently exceeds the requisite amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) (holding that, to satisfy 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## V.   VENUE

11.     Because the Action was filed in a state court situated in Volusia County, Florida, removal to the Orlando Division of the United States District Court for the Middle District of Florida is appropriate pursuant to 28 U.S.C. §§ 89(b), 1441(a), and 1446(a) and Local Rules 1.02 and 4.02(a). However, Johns reserves any defenses and rights he may have, including, but not limited to, any right to contest venue or personal jurisdiction or to argue that this Court should abstain from or stay this proceeding pending related litigation.

## VI.   STATE COURT FILINGS

12.     Johns attaches to this Notice all documents filed or served in the state court proceedings, including all process, pleadings, and orders served on Johns: (1) Complaint (**Exhibit 1**); (2) Civil Cover Sheet filed with Complaint (**Exhibit 2**); (3) First Request for

Production of Documents (served but not filed) (**Exhibit 3**); (4) proposed Summons (**Exhibit 4**); (5) Summons as issued (**Exhibit 5**); and (6) Amended Complaint (**Exhibit 6**). In addition, Johns attaches the current state court docket for the Action as **Exhibit 7**.

13.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served on counsel for Plaintiff and a copy of this Notice is being filed with the Clerk of the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida. A copy of the notice to the state court without the exhibits thereto is attached as **Exhibit 8**.

**WHEREFORE**, Johns removes this Action to the United States District Court for the Middle District of Florida and requests that this Court assume jurisdiction.

Dated: June 22, 2017

Respectfully submitted,

/s/ David B. King
David B. King
Florida Bar No.: 0093426
Vincent Falcone III
Florida Bar No.: 0058553
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
dking@kbzwlaw.com
vfalcone@kbzwlaw.com

*Counsel for Defendant Thomas L. Johns*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 22, 2017, I filed the foregoing using the CM/ECF system. I further certify that on June 22, 2017, I served and provided a copy of the foregoing via U.S. mail and email to: Richard Lee Barrett (lee@bcrlaw.net and sam@bcrlaw.net), Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32802, Counsel for Plaintiff.

/s/ David B. King
David B. King
Florida Bar No.: 0093426