**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JUDITH A. JAYNES, ) | |
| NATIONWIDE ANESTHESIA ) | |
| SERVICES, INC., a Florida Corporation, ) | |
| And NATIONWIDE ANESTHESIA ) | |
| PARTNERS, INC., a Florida Corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| THOMAS L. JOHNS, ) | CASE NO.: 6:17-cv-1156-Orl-18DCI |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**NON-PARTY KRISTEN NAGRANI'S MOTION FOR**
**PROTECTIVE ORDER AND INCORPORATED MEMORANDUM**

**COMES NOW,** Kristen Nagrani, Non-Party in the above-styled action, (hereinafter "Ms. Nagrani") and, pursuant to F.R.C.P. 26(c), moves this Honorable Court for a Protective Order to the extent set forth herein.

**I.     INTRODUCTION & PROCEDURAL HISTORY**

Without notice and without any coordination, on October 3, 2018, Plaintiff Judith A. Jaynes unilaterally issued a Subpoena and Notice of Taking Deposition Duces Tecum for the testimony of Kristen Nagrani, which commands Ms. Nagrani to appear for a deposition on Halloween, October 31, 2018, in Orlando, Florida, and requires her to collect and produce numerous categories of documents.[1]

---

[1] A true and correct copy of the Subpoena and Notice of Taking Deposition Duces Tecum is attached hereto as Exhibit "A" since no documents are on file with the Court.

At the outset, the Notice of Deposition Duces Tecum was not timely served. The Scheduling Order issued by the Court dictates that all discovery must allow adequate time for a response. [Doc 30-3]. Non-Parties, or any Party, are afforded 33 days (with the 3 days for mail) to respond to an F.R.C.P. Rule 34 Request for the Production of Documents. See Local Rule 3.02, F.R.C.P. 30(b)(2), and F.R.C.P. 34(b)(2)(A). Therefore, because the document request was untimely, it should be disallowed, and Ms. Nagrani objects to producing any documents in this matter.

Although a Non-Party here, Ms. Nagrani is currently a Counterclaim Defendant in the Superior Court of Washington County, Georgia, in a matter which is substantially identical to this case. Plaintiff identifies the Washington County lawsuit in her Notice of Pendency of Related Actions [Doc 18] as follows:

"The counterclaims allege substantially the same claims as this action and additional claims under Georgia law." [Doc 18-2].

The factual allegations set forth in Ms. Jaynes' Second Amended Complaint [Doc 49] in this Court and her Answer and Counterclaim, as amended, in the Georgia case are substantially identical with many paragraphs "cut and paste."[2]

However, Ms. Nagrani is not a party in Florida. She does not have Florida counsel. Rather, she is litigating "the same claims" in Georgia, where both Judith Jaynes and Kristen Nagrani have legal counsel.

Judith Jaynes did not Notice Ms. Nagrani's deposition in Georgia. Promptly after receiving the Subpoena and Notice, Matthew Wilkins, Georgia counsel for Ms. Nagrani, wrote counsel for Judith Jaynes concerning the deposition. Ms. Nagrani's counsel wrote the following:[3]

---

[2] A copy of Judith Jaynes Answer and Counterclaim is attached as Exhibit "B."
[3] A copy of the letter from Matthew Wilkins to Richard Lee Barrett is attached as Exhibit "C."

> Ms. Nagrani has asked that we defend and be present for the Deposition, which you scheduled for October 31, 2018 at Barrett, Chapman & Ruta P.A in Orlando, Florida. I have small children and cannot be present in Florida on Halloween. Thus, we are asking that Ms. Nagrani's deposition be rescheduled for a mutually convenient date.
>
> In addition, Ms. Nagrani would prefer to have her deposition conducted in Georgia to avoid the cost and expense of my travel. I believe there are other Georgia-based witnesses, so please let me know when those are scheduled.

Also on October 10, 2018, Matthew Wilkins and Lee Barrett had a telephone conference to confer about the request to reschedule and relocate the deposition. Mr. Barrett advised that although he would like to accommodate the request, he could not reschedule the deposition because discovery expires on November 2, 2018. Mr. Barrett also advised that although other depositions in this case were scheduled to occur in Georgia, that Ms. Nagrani's deposition would occur in Florida since she is a Florida resident.

Because Mr. Wilkins is licensed to practice law in Georgia, because Judith Jaynes sued Kristen Nagrani in Georgia using an almost identical pleading and for the same claims, because Kristen Nagrani should not be subject to multiple depositions by Judith Jaynes and should not have to bear the cost of multiple depositions, because there are legitimate questions concerning the extent that Mr. Wilkins can participate in a matter pending in the Middle District of Florida, and because Mr. Wilkins has personal and professional conflicts on Halloween, Kristen Nagrani petitions the Court for a Protective Order.

Ms. Nagrani requests the Court approve a Protective Order that includes some or all of the following:

- The deposition of Kristen Nagrani should occur at a time and place convenient for her and for her Georgia counsel, Matthew Wilkins;
- Kristen Nagrani's deposition should occur at Matthew Wilkins' office, in Georgia;

- Kristen Nagrani should not be subjected to multiple depositions related to the same claims. Therefore, Judith Jaynes should be limited to a single deposition, and the Non-Party deposition in this case should be combined with any deposition in the Georgia lawsuit so that Ms. Nagrani is not subject to multiple depositions;

- Because they are untimely, no documents should have to be produced by Ms. Nagrani. If a production is required, the documents requested should be restricted, as they appear to focus almost exclusively on Judith Jaynes' allegations against Kristen Nagrani in the Georgia case; they are largely unrelated and irrelevant to the claims pending in this Court; and,

- In the event the Court does not Order Judith Jaynes to conduct Kristen Nagrani's deposition in Georgia, the Court should allocate the expenses of discovery to Judith Jaynes, and require Ms. Jaynes to pay for Mr. Wilkins' reasonable travel costs and legal fees related to travel.

## II.    ARGUMENT AND CITATION TO LEGAL AUTHORITIES

The district court's "power to control its own docket" includes "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (Rule 26 "vests the trial judge with broad discretion to . . . dictate the sequence of discovery."). "Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

Courts may issue protective orders for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). To show "good cause" to justify the court issuing a protective order, a movant must

demonstrate "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

In fashioning a Protective Order, the Court may, in pertinent part:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

    (C) prescribing a discovery method other than the one selected by the party seeking discovery;

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;

F.R.C.P. Rule 26(c)(1).

The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Cantaline v. Raymark Indus., Inc.*, 103 F.R.D. 447, 452 (S.D. Fla. 1984).

Here, Judith Jaynes sued Kristen Nagrani in Georgia. Judith Jaynes is the Plaintiff in this case and certainly could have elected to proceed against Kristen Nagrani in Florida. The Second Amended Complaint and the amended Counterclaim are substantially similar.

It is an excessive burden to require Kristen Nagrani to participate in this matter, which involves the same claims in another jurisdiction, where her legal counsel is not licensed to practice in this State, where Judith Jaynes seeks documents and information for use in her case against

Kristen Nagrani, and where the deposition is unilaterally scheduled at a time when Kristen Nagrani's Georgia counsel cannot appear.[4]

Therefore, good cause exists for the issuance of a Protective Order, and all conditions to the issuance of a protective order were satisfied prior to filing this Motion.

### III.   LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing this Motion, Matthew Wilkins conferred with Lee Barrett, counsel for Judith Jaynes, through letter correspondence and multiple telephone calls in compliance with Local Rule 3.01(g) to determine whether an agreement could be reached.

Lee Barrett advised that he could not consent to reschedule the deposition due to the Scheduling Order and expiration of discovery. Mr. Barrett also advised that he could not consent to conduct the deposition in Georgia due to the additional cost to Judith Jaynes.

### IV.   CONCLUSION

Based upon the foregoing, Ms. Nagrani requests the Court approve a Protective Order that includes some or all of the following:

1. The deposition of Kristen Nagrani should occur at a time and place convenient for her and for her Georgia counsel, Matthew Wilkins;

2. Kristen Nagrani's deposition should occur at Matthew Wilkins' office, in Georgia;

3. Kristen Nagrani should not be subjected to multiple depositions related to the same claims. Therefore, Judith Jaynes should be limited to a single deposition, and the Non-

---

[4] Because Kristen Nagrani is a Non-Party, it is also an overly burdensome, excessive, and an unreasonable expense to require Ms. Nagrani's Georgia counsel to seek Pro Hace admission in this matter. In addition, Lee Barrett initially stated that he believed Mr. Wilkins could file a Motion for Protective Order and participate in the deposition without having to be admitted first in this Court. However, upon investigation, Local Rule 2.02 applies to Motions for Protective Orders by Non-Parties.

    Party deposition in this case should be combined with any deposition in the Georgia lawsuit so that Ms. Nagrani is not subject to multiple depositions;

4. Unless the depositions are combined as requested above, the documents requested should be eliminated as untimely or restricted, as they appear to focus almost exclusively on Judith Jaynes' allegations against Kristen Nagrani in the Georgia case; they are largely unrelated and irrelevant to the claims pending in this Court; and,

5. In the event the Court does not Order Judith Jaynes to conduct Kristen Nagrani's deposition in Georgia, the Court should allocate the expenses of discovery to Judith Jaynes, and require Ms. Jaynes to pay for Mr. Wilkins' reasonable travel costs and legal fees related to travel.

Respectfully submitted this 30th of October, 2018,

                                            /s/ Douglas K. Gartenlaub
                                            DOUGLAS K. GARTENLAUB, ESQ.
                                            Florida Bar No.: 0010420
                                            BURR & FORMAN LLP
                                            200 South Orange Avenue, Suite 800
                                            Orlando, FL 32801
                                            Telephone: (407) 540-6600
                                            Facsimile: (407) 540-6601
                                            Email:  dgartenlaub@burr.com
                                            Secondary Email:  lloving@burr.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon those persons listed below a copy of the within and foregoing **NON-PARTY KRISTEN NAGRANI'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** by email attachment and by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to insure delivery to or through the EMF/PACER system:

Richard Lee Barrett
Barrett, Chapman & Ruta, PA
18 Wall Street
PO Box 3826
Orlando, FL 32802-3826
lee@bcrlaw.net

Thomas L. Johns
*Pro-Se*
118 Baum Bay Drive, NE
Milledgeville, GA 31061

This 30th day of October, 2018.

/s/ Douglas K. Gartenlaub
Douglas K. Gartenlaub, Esq.